IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SASAK CORPORATION and WEST INN'S RESORT MOTEL, LLC, both d/b/a/ RAMADA ST. PETERS,<br><br>　　　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and in retaliation for participation in protected activities, and to provide appropriate relief to a female employee, Jessica Pence-Nicholson, who was adversely affected by such practices.

The Complaint alleges that while employed by Defendants, SASAK Corporation and West Inn's Motel Resort, LLC, Pence-Nicholson was subjected to egregious sexual harassment on account of her sex, thereby altering the terms and conditions of her employment. Despite her complaints, Defendant failed to take appropriate corrective action following the sexual harassment and otherwise condoned the sexual harassment and assault of Pence-Nicholson by Desai Sudhr, her immediate supervisor and the manager of Defendant's Ramada Motel located at 130 Salt Lick Road in St. Peters, Missouri.

The Complaint further alleges the Defendants removed Pence-Nicholson from her position of front desk clerk because she complained of the sexual harassment and assault by

Sudhr and because she reasonably refused to return to work at the St. Peters Ramada while Sudhr remained as its manager and that Defendants ultimately terminated Pence-Nicholson because of her complaints and because she filed a charge of sexual harassment with the United States Equal Employment Opportunity Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, SASAK Corporation, has continuously been a Missouri corporation doing business in the State of Missouri and the County of St. Charles, and has continuously had at least 15 employees and has controlled and operated its wholly owned subsidiary, Defendant West Inn's Motel Resort, LLC, and numerous other wholly owned subsidiary corporations as a single integrated enterprise. Defendant West Inn's Motel

Resort, LLC, has continuously been a Missouri corporation doing business in the State of Missouri and the County of St. Charles, and has continuously had at least 15 employees.

5. At all relevant times, Defendant SASAK Corporation and Defendant West Inn's Motel Resort, LLC, have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Pence-Nicholson filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 5, 2005, Defendants have engaged in unlawful employment practices at the facility located at 130 Salt Lick Road, St. Peters, Missouri, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), as follows:

(a) Defendants subjected Pence-Nicholson, a front desk clerk, to unlawful sexual harassment during her employment in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a). The unlawful conduct was directed toward Pence-Nicholson by her immediate supervisor, Desai Sudhr, who was the manager of Defendants' St. Peters motel. Sudhr grabbed Pence-Nicholson around her waist and pulled her against his body on August 5, 2005, her seventh day of employment. He then forcibly kissed Pence-Nicholson and inserted his tongue into her mouth while kissing her. Pence-Nicholson escaped from Sudhr and told him that his actions were highly offensive and unacceptable. Later that day while Sudhr was supervising Pence-Nicholson's preparations to mop a floor, Sudhr again pulled her against his body and

forcibly kissed her and inserted his tongue into her mouth. The unlawful conduct was unwelcome, sexual in nature, and directed at Pence-Nicholson because of her sex. The unlawful conduct was sufficiently severe or pervasive to create a hostile working environment for Pence-Nicholson which altered the terms and conditions of her employment. Immediately after the second incident, Pence-Nicholson reported the actions of Sudhr to his supervisor, Ankit Patel, who is an officer and board member of Defendant SASAK Corporation, yet Defendants failed to take adequate corrective or remedial action in response to such unlawful conduct.

(b)     In response to Pence-Nicholson's complaints, Defendants placed her on paid leave and removed her from her position as a front desk clerk in violation of Section 703(a) and Section 704(a) of Title VII, 42 U.S.C. §2000e-2(a) and §2000e-3(a). Defendants also refused to remove Sudhr from his position as manager of the St. Peter's motel and required Pence-Nicholson to either work at the St. Peter's motel with Sudhr as her manager, or to transfer to a different position at its corporate headquarters with significantly fewer hours of work and consequently significantly less pay. In addition, Defendants knew that the corporate headquarters were twenty miles from its St. Peters motel and that Pence-Nicholson had no means of transportation to that location.

(c)     On or about September 12, 2005, Pence-Nicholson filed charges of sexual harassment against Defendant SASAK Corporation with the United States Equal Employment Opportunity Commission and such charge was served on Defendants. In response to Pence-Nicholson's charge, Defendants discharged her from her employment in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

8. The effect of the practice(s) complained of in paragraphs 7(a) and (b) above has been to deprive Pence-Nicholson of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

9. The effect of the practice(s) complained of in paragraphs 7(b) and (c) above has been to deprive Pence-Nicholson of equal employment opportunities and otherwise adversely affect her status as an employee, because of her participation in protected activity.

10. The unlawful employment practices complained of in paragraphs 7(a), (b) and (c) above were intentional.

11. The unlawful employment practices complained of in paragraphs 7(a), (b) and (c) above were done with malice or with reckless indifference to the federally protected rights of Pence-Nicholson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sexual harassment, intimidation, discharge, and any other employment practice which discriminates on the basis of sex and/or a person's participation in protected activity.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and those persons who have participated in protected activity and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendants to make whole Pence-Nicholson, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Pence-Nicholson.

  D. Order Defendants to make whole Pence-Nicholson, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a), (b), and(c) above, in amounts to be determined at trial.

  E. Order Defendants to make whole Pence-Nicholson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a), (b), and (c) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of reputation, and humiliation, in amounts to be determined at trial.

  F. Order Defendants to pay punitive damages for its malicious and reckless conduct described in paragraphs 7(a), (b), and (c) above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
JEAN P. KAMP
Acting Regional Attorney

_____
C. FELIX MILLER, No. 10549
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO  63103
314-539-7949
Facsimile: 314-539-7895